UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WALTER J. ROACHE,

                      Plaintiff,

    -against-                                      9:12-CV-1034 (LEK/DEP)

THE ATTORNEY GENERAL'S OFFICE;
ERIC T. SCHNEIDERMAN;
JAMES T. WILLIAMS; and
ROBERT J. CONFLITTI,

                      Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

This *pro se* civil rights action comes before the Court following a Report-Recommendation filed on August 9, 2013, by the Honorable David E. Peebles, United States Magistrate Judge. Dkt. No. 25 ("Report-Recommendation") at 1-2. This matter was referred to Judge Peebles pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Id. at 8. For the following reasons, the Report-Recommendation is approved and adopted.

**II.    BACKGROUND**

This action arises from Plaintiff's involuntary commitment for sex offender treatment following the completion of his prison sentence. Report-Rec. at 2. Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging due process, equal protection, and civil rights violations. Id.[1]

Judge Peebles determined that Plaintiff has alleged facts that give rise to a cognizable due process claim. Id. at 35. However, he recommends that the Complaint be dismissed because the

---

[1] For a more detailed statement of the facts reference is made to the Report-Recommendation. See Report-Rec. 2-8.

named defendants are immune from liability, and that Plaintiff be granted leave to file an amended complaint with the assistance of *pro bono* counsel to cure this pleading deficiency. Id.

### A. Objections

Defendants present three objections to the Report-Recommendation. Dkt. No. 28 ("Defendants' Objections") at 2-3. First, Defendants object to Judge Peebles' statement that a preliminary injunction concerning Mental Health Law ("MHL") Article 10 is still in effect.[2] Id. at 2. Second, Defendants object to Judge Peebles' conclusion that Plaintiff may have a viable due process claim based on the failure to conduct a timely probable cause hearing and trial. Id. at 3. Finally, Defendants object to the recommendation that Plaintiff's Motion for appointment of counsel be granted. Id. Defendants seek dismissal of the complaint in its entirety with prejudice. Id. at 7.

Plaintiff filed a document identified on the docket as an "Objection" to the Report-Recommendation. See Dkt. No. 29. However, it contains only responses to Defendants' Objections and not objections to the Report-Recommendation itself, and largely presents identical arguments to those set forth in the Complaint. See id. Thus, Plaintiff's filing is given consideration in the Court's evaluation of Defendants' Objections.[3]

### III. LEGAL STANDARD

A district court must review *de novo* any portions of a magistrate judge's report-recommendation or specific proposed findings or recommendations therein to which a party objects and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by

---

[2] Because Judge Peebles recommends dismissal of Plaintiff's due process claim on other grounds, Report-Rec. at 24, the Court need not address the question of the preliminary injunction's continuing effect.

[3] See infra Part III.

2

the magistrate judge." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters, 167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11–CV–0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes, 2013 WL 1121353, at *1; Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). Moreover, a district court "may receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); accord FED. R. CIV. P. 72(b)(3).

## IV. DISCUSSION

Judge Peebles recommends that Plaintiff's due process claim survive dismissal and that he be permitted to amend his Complaint to add a defendant who is not immune from suit. Report-Rec. at 35. Defendants object and contend that under the Rooker-Feldman doctrine, the Court lacks subject matter jurisdiction over Plaintiff's claim that the failure to conduct a probable cause hearing and trial in accordance with the time frames established in MHL Article 10 violated his due process rights. Defs.' Objections at 5. The Court disagrees.

The Rooker-Feldman doctrine is based on the well-settled principle that "a federal district court is one of original, not appellate, jurisdiction and therefore has no subject matter jurisdiction to

3

review state court decisions." Dibbs v. Roldan, 356 F. Supp. 2d 340, 351 (S.D.N.Y. 2005) (citing, inter alia, Dist. of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)). The Rooker-Feldman doctrine may be raised at any time by either party or *sua sponte*. Clinch v. Spence, 207 F.Supp. 2d 262, 266 (S.D.N.Y. 2002).

The Second Circuit has held that

> [f]or the Rooker-Feldman doctrine to apply, (1) a plaintiff must have lost in state court; (2) his injury must have been caused by a state court judgment; (3) he must have invited federal review of that state court judgment; and (4) the state court judgment must have been entered before his federal suit commenced.

McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007).

Defendants argue that the second requirement is met because Plaintiff "complains that his Constitutional rights were violated by the State Court by not providing him a probable cause hearing within 72 hours of the State Court's Order staying his release from prison." Defs.' Objections at 6. Plaintiff's alleged injury is the period of confinement without a probable cause hearing and timely trial following his scheduled release date from prison. See Dkt. No. 1 ("Complaint") at 6-7; Report-Rec. at 17-18. Under MHL § 10.06(h), that hearing must be held within seventy-two hours of the date of release, but Plaintiff's was not held until more than two-and-a-half months later. Report-Rec. at 18. Contrary to Defendants' assertion, this alleged injury was not caused by the January 29, 2010, state court-judgment. That order did not fix a date for the probable cause hearing, nor did it delay the hearing indefinitely. Dkt. No. 17-1, Ex. B ("Order"). Rather, the state court ordered that the case file be "transferred forthwith" to Orange County, where the probable cause hearing was to be held "within a time frame which as closely as possible adheres to the provisions of Article 10." Order at 4. Liberally construing the Complaint, see Sealed Plaintiff v. Sealed Defendant, 537 F.3d

4

185, 191 (2d Cir. 2008) (reiterating a court's duty to construe *pro se* filings liberally), Plaintiff's alleged injury was not caused *by* the state court order, but by a *violation* of the court order and MHL Article 10.

Defendants contend that "the third requirement is met because plaintiff is asking this Court to review the State Court Judge's determination that 'plaintiff *did* waive the application of the time frames.'" Resp. at 6 (citing Report-Rec. at 19). But the Order does not indicate that Plaintiff waived his right to any and all time frames. It states only that Plaintiff "consented to the adjournment of the probable cause hearing until such hearing is scheduled in Orange County within a time frame that adheres to the provisions of Article 10." Order at 1. And the Report-Recommendation makes clear that neither the Order nor Defendants' Memorandum of law in support of their Motion to dismiss identify any authority supporting the proposition that a petitioner waives his right to Article 10 time frames when he files a motion for removal. Report-Rec. at 19. Accordingly, reading the Order as waiving *all* time frames, as Defendants do, is unreasonable. The Order recognized that the rescheduling of the hearing must be done by the clerk of the transferee court, but nevertheless ordered that the hearing occur "within a time frame which as closely as possible adheres to the provisions of Article 10." Order at 2, 4. Plaintiff does not seek review of the Order, however; rather, he contends that discretionary acts resulting in a nearly three-month delay in executing the Order constituted a due process violation. See Morrison v. City of New York, 591 F.3d 109, 113-15 (2d Cir. 2010) (rejecting application of Rooker-Feldman where complaint could reasonably be construed as attacking independent discretionary acts not compelled by state court order).

Thus, the Rooker-Feldman doctrine does not apply to this case, and the Court has subject

5

matter jurisdiction over Plaintiff's surviving due process claim.

## V. APPOINTMENT OF COUNSEL

The Court appoints counsel so that Plaintiff may attempt to identify and serve a party that is not immune from suit.

## VI. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 25) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' Motion (Dkt. No. 17) to dismiss is **GRANTED** in part consistent with the Report-Recommendation; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 21) to appoint counsel is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff is granted leave to file an amended complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all the parties.

**IT IS SO ORDERED**.

DATED: September 30, 2013
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge