UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WALTER J. ROACHE,

                Plaintiff,

       -against-                             9:12-CV-1034 (LEK/DEP)

BRIAN FISCHER, *et al.*,

                Defendants.

---

## ORDER

This matter comes before the Court following a Report-Recommendation filed on February 9, 2015, by the Honorable David E. Peebles, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 56 ("Report-Recommendation"). Plaintiff Walter Roache ("Plaintiff") timely filed Objections. Dkt. No. 62 ("Objections").

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior

argument.").

Plaintiff first objects that "Defendants had prior personal knowledge of Mental Hygiene Law § 10.06(k) and that holding an individual would be a direct violation of the 5[th] and 14[th] Amendments of the U.S. Constitution." Objs. ¶ 2. Plaintiff's objection appears to be a challenge to the constitutionality of Mental Hygiene Law § 10.06(k). See id. However, Plaintiff's argument is not properly raised in his Objections, as it was not included in Plaintiff's Amended Complaint or Response. See generally Dkt. Nos. 37 ("Amended Complaint"); 49. Moreover, Plaintiff's argument is wholly conclusory and unsupported by any authority or legal arguments, and thus without merit.

Plaintiff next objects to Judge Peebles' finding that Defendants were not personally involved in the alleged acts. Objs. ¶¶ 3, 9; see also Report-Rec. at 13-15. Again, Plaintiff's argument is wholly conclusory. Moreover, Plaintiff's argument is directly contradicted by his subsequent statement that "the named Defendants may not have been directly involved." Objs. ¶ 3. Furthermore, Plaintiff's assertion that "the likelihood of Defendants having no knowledge of or no involvement as to Plaintiff's processing is highly improbable and should be the subject of discovery" is entirely speculative and unsupported by any facts. See id. ¶ 9.

Plaintiff next argues that Defendant Susan Connelly ("Connelly") "violated Plaintiff's civil rights by acting upon an unsigned Court Order but also illegally confined Plaintiff as a prisoner." Id. ¶ 4 (citing Earley v. Murrary, 451 F.3d 71 (2d Cir. 2006)); see also Objs. ¶ 5 (arguing that Connelly acted on an unsigned court order). Plaintiff's first argument is without merit, as the court order was clearly signed. See Dkt. No. 17-1 at 30, 33[1] (indicating signatures by Hon. Nicholas DeRosa on two separate orders regarding civil confinement). Moreover, Plaintiff's reliance on

---

[1] The pagination corresponds to the page numbers assigned by ECF.

Earley is misguided, as that case involved a habeas petition and not civil confinement. See Earley, 451 F.3d 72-73.

Plaintiff next offers two arguments challenging Judge Peebles' determination that Plaintiff's claims are barred by the applicable three-year statute of limitations for actions brought pursuant to § 1983. See Objs. ¶¶ 8, 11. Plaintiff first argues that "the wrong is continuing and ongoing and the statute of limitations does not apply." Id. ¶ 8. Plaintiff has provided no authority to suggest that "the statute of limitations does not apply." See id. Even assuming that Plaintiff is attempting to argue that an "exception" to the statute of limitations applies, Plaintiff's argument still fails. "There is indeed a 'continuing violation' exception to the normal knew-or-should-have-known accrual date of a [§ 1983] claim when 'there is evidence of an ongoing discriminatory policy or practice, such as use of discriminatory seniority lists or employment tests.'" Harris v. City of New York, 186 F.3d 243, 248 (2d Cir. 1999) (quoting Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996)). However, Plaintiff has not alleged that Defendants acted pursuant to an ongoing policy or practice, see generally Am. Compl., and thus the exception is not applicable to this case.

Alternatively, Plaintiff argues that the statute of limitations did not begin to run until "the Decision of the Final Dangerous Hearing was entered in March 2013." Objs. ¶ 11. As an initial matter, the Court notes that the Decision and Order to which Plaintiff refers was entered in March 2012, not 2013. See Dkt. No. 17-1 at 29-30. However, in any event, the statute of limitations began to run on February 2, 2010, when Plaintiff was allegedly held beyond his release date, or at the very latest, in April 2010, when Plaintiff was allegedly "held despite there being no lawful order in place." See Am. Compl. ¶¶ 11, 16-18. Thus, allegations concerning these events were barred, at the latest, by April 2013; yet, Plaintiff's Amended Complaint was not filed until March 24, 2014, well

3

after the three-year statute of limitations had expired.  See Am. Compl.[2]

Plaintiff's remaining objections are wholly conclusory or irrelevant.  See Objs. ¶¶ 6, 7, 10. The Court therefore reviews the remainder of the Report-Recommendation for clear error and finds none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 56) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:	March 26, 2015
	Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[2] The Court notes that Plaintiff's original Complaint, filed June 26, 2012, was timely. See Report-Rec. at 16 (citing Dkt. No. 1).  However, as the Report-Recommendation correctly found, Plaintiff's Amended Complaint is directed at individuals not named in the original Complaint, and Plaintiff has failed to meet the requirements under Federal Rule of Civil Procedure 15(c) that would allow the allegations in the Amended Complaint to "relate back" to the date the original Complaint was filed.  See Report-Rec. at 16-20.